**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**
**CASE NO.:**

ROLANDO F. QUINTANA,

Plaintiff,

**vs.**

WHOLESALE BUILDING PRODUCTS, LLC.

Defendant.
______________________________________/

# COMPLAINT

Plaintiff, Rolando F. Quintana ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, Wholesale Building Products LLC ("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA"), to redress injuries resulting from Defendant's unlawful, age-based discriminatory treatment against Plaintiff.

2. At all times material hereto, Plaintiff was a resident of Broward County, Florida.

3. Defendant is Florida for Profit Corporation authorized to conduct business in the State of Florida and in Broward County, Florida.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

4. Plaintiff started working for the company on June 23, 2010 as a CDL truck driver.

5. Plaintiff is 58 years old.

6. Throughout his employment, he was subjected to harassment and discrimination by the manager Mr. Ervin (LNU), and the dispatcher, Mr. Enrique Sequiera.

7. Towards the end of his employment, both Plaintiff and Mr. Victor (LNU) (60 years) were frequently referred to as "Los Viejos ("the old ones").

8. Mr. Ervin often commented that it was time for us to leave the company and stated that management was not willing to pay us more than what we were already earning.

9. Plaintiff was not treated equally compared to his younger peers, like Mr. Andres (LNU), who is 26 years old, and Mr. Billy (LNU) who is 33 years old.

10. Plaintiff was consistently assigned a heavier workload; typically around 9 deliveries per day, while the younger drivers aforementioned were assigned approximately three (3) deliveries per day.

11. On slower days, Plaintiff would even be sent home without work, whereas the younger drivers were guaranteed their hours.

12. Mr. Ervin also selectively enforced company "policies" against the Plaintiff.

13. Plaintiff was told by Mr. Ervin that he was not allowed to load his truck for the next day if he got back to the job site after 5:00 P.M., but this restriction was not applied to other drivers.

14. The Plaintiff filed a formal complaint in December 2024 with Ms. Carolina Tambole from Human Resources (HR) and with the company owner, Ms. Emily Vinet.

15. Plaintiff was informed that an investigation would be conducted.

16. In Early January 2025, Plaintiff received a response acknowledging the issue with the truck loading after 5:00 P.M. and was told the matter would be addressed.

17. However, following Plaintiff's complaint, the harassment from Mr. Ervin intensified.

18. On March 13, 2025, Plaintiff was called into a meeting with members from the safety department.

19. During that meeting, Plaintiff was informed of his immediate termination without reason.

20. On March 17, 2025, Plaintiff was given a formal termination notice. (See **Exhibit A**, Termination).

21. Plaintiff was fired approximately 3 months after lodging a complaint with HR.

22. Defendant lacked a legitimate, non-discriminatory reason for the disparate treatment.

23. Defendant's actions were motivated by Plaintiff's age.

24. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations and received a right to sue. (See **Exhibit B**, Right to Sue).

25. Plaintiff has satisfied all conditions precedent to bringing this action.

26. All conditions precedent to the institution of this lawsuit have occurred, have been performed, or have been waived.

## COUNT I
### *Age Discrimination in Violation of the ADEA*

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 4-22 above as if set out in full herein.

28. Plaintiff is a member of a protected class under the ADEA.

29. Plaintiff was qualified for his position and performed his duties satisfactorily.

30. Plaintiff suffered adverse employment actions, including a significant reduction in work hours, and termination.

31. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

32. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty.

33. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's

protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

34. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

35. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

36. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

37. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

38. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered loss of wages, loss of benefits, loss of employment opportunities, emotional distress, humiliation, embarrassment, inconvenience, and other damages to the fullest extent permitted by law.

39. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the ADEA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful

employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: June 1, 2026

Respectfully submitted,

*s/ Maria Lopez*
Maria Lopez, Esq.
Fla. Bar No.: 1010761
*LEAD COUNSEL*
*Shedwin Eliassin*
Shedwin Eliassin, Esq.
Fla. Bar No.: 1060990
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000