**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO. 0:26-cv-61599-DSL**

ROLANDO QUINTANA )
)
Plaintiff, )
)
**v.** )
)
WHOLESALE BUILDING )
PRODUCTS, LLC )
)
Defendant, )
)
______________________________________)

**DEFENDANT, WHOLESALE BUILDING PRODUCTS, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [DE 1]**

Defendant, Wholesale Building Products, LLC ("Defendant"), pursuant to Rule 8(a)(2), 10(b), and 12(b)(6), *Federal Rules of Civil Procedure*, files this Motion to Dismiss Plaintiff, Rolando Quintana's ("Plaintiff") Complaint [DE 1], and in support, state as follows:

## INTRODUCTION

Plaintiff, a former employee of the Defendant, filed the instant lawsuit following the finding of no reasonable cause and dismissal of Plaintiff's initial Complaint to the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC"), asserting one count of a violation of the Age Discrimination in Employment Act ("ADEA"). Within, Plaintiff generally asserts that the Defendant violated the ADEA after being subjected to discrimination and harassment by two of the Defendant's employees, that his workload and hours were different than "younger drivers," and that Plaintiff's employment was terminated without any reason. However, and as explained in more detail below, Plaintiff's

allegations fail to state a cause of action for a violation of the ADEA because Plaintiff has failed to plead facts evidencing that any adverse employment action was taken against him because of his age, or any facts to show that his age was the "but for cause" of his termination, as is required. As a result, dismissal of Plaintiff's Complaint is warranted.

## STANDARD OF REVIEW

"A pleading in a civil action must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Lewis v. Noem*, 2026 U.S. Dist. LEXIS 84351, at *5 (S.D. Fla. April 16, 2026)(*quoting* Fed. R. Civ. P. 8(a)(2)). Dismissal as per Rule 12(b)(6) is proper if a claim does not allege the proper elements of the cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, the plaintiff is obligated to provide the grounds of his entitlement to relief, and "that obligation . . . requires more than labels and conclusion or a formulaic recitation of the elements of a cause of action . . .." *Id.* ("Factual allegations must be enough to raise a right of relief beyond a speculative level."). To survive dismissal, a claim must be plausible. *See Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).* As a result, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *See Merlin Petroleum Co. v. Sarabia*, 2016 U.S. Dist. LEXIS 72626, at *3 (S.D. Fla June 3, 2016).

## ARGUMENT AND MEMORANDUM OF LAW

### I. COUNT I FAILS TO STATE A CAUSE OF ACTION FOR AGE DISCRIMINATION IN VIOLATION OF THE ADEA

"To establish a claim of age discrimination, a plaintiff must show that: (1) he was a member of a protected class (i.e., that he was forty years old, or older); (2) he was subjected to an adverse

employment action; (3) he was treated less favorably than a younger, similarly situated employee; and (4) he was qualified to do the job." *Lewis v. Noem*, 2026 U.S. Dist. LEXIS 84351, at *6 (internal citations omitted). Moreover, "the ordinary meaning of the ADEA's requirement that an employer took adverse action 'because of' age is that age was the 'reason' that the employer decided to act." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009).

Thus, to sufficiently plead an ADEA claim, "[a]t the pleading stage, a plaintiff must plausibly allege that (1) his employer took an adverse employment action against [him], and (2) his age was the 'but-for' cause of the employer's adverse action." *See Polakovic v. Univ. of Mia.*, 816 F. Supp. 3d 1304, 1313 (S.D. Fla. Jan. 20, 2026)(internal citations omitted); *see also Pinkney v. Sch. Bd. of Broward Cnty.*, 2025 U.S. Dist. LEXIS 112986, at *10 (S.D. Fla. June 13, 2025)("Likewise, to state a claim for age discrimination under the ADEA, Plaintiff must allege that she 'has lost out because of [her] age.'")(internal citations omitted); *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. at 176 ("To establish a disparate-treatment claim under the plain language of the ADEA, therefore, a plaintiff must prove that age was the "but-for" cause of the employer's adverse decision."). "To establish an 'adverse employment action' . . . plaintiff must show a *serious* and *material* change in the terms, conditions, or privileges of employment." *Pinkney v. Sch. Bd. of Broward Cnty.*, 2025 U.S. Dist. LEXIS 112986, at *7 (S.D. Fla. June 13, 2025)(*citing David v. Town of Lake Park*, Fla. 245 F.3d 1232, 1239 (11th Cir. 2001). "While an adverse employment action can extend to actions that fall short of ultimate decisions . . . the conduct must still, in some substantial way, alter the employee's compensation, terms, conditions, or privileges of employment, deprive him or her of employment opportunities, or adversely affect his or her status as an employee." *Id.* (internal citations and quotations omitted).

Also, while a plaintiff is not required to fully establish a *prima facie* age discrimination

case at the pleading stage, "a plaintiff must allege sufficient facts 'giving rise to an inference of disparate treatment' or intentional discrimination." *See Polakovic v. Univ. of Mia.*, 816 F. Supp. 3d at 1313 (internal citations omitted). That ". . . requisite causal connection between age and termination may be sufficiently pled by factual allegations indicating that the plaintiff was replaced by a substantially younger individual or that the plaintiff was treated differently than a similarly situated, substantially younger individual." *Id.* (internal citations omitted).

Notwithstanding the veracity of Plaintiff's allegations, Count I fails to state a cause of action for a violation of the ADEA because Plaintiff has failed to plead any plausible facts that would demonstrate that the Defendant terminated him from his position with the company, or took any other adverse employment action, "because of" his age. First, while Plaintiff loosely alleges that he was subjected to harassment and discrimination by the manager, Mr. Ervin (LNU), and the dispatcher, Mr. Enrique Sequiera[1], Plaintiff fails to plead any facts evidencing that they, or any person employed by the Defendant with decision making authority, were the individuals that called Plaintiff "Los Viejos" ("the old ones."). [*See* DE 1, ¶¶ 6-7,18-21]; *see also Lewis v. Noem*, 2026 U.S. Dist. LEXIS 84351, at *17-18 ("Nothing in Plaintiff's allegations supports that Leyh had any decision-making authority, and the Eleventh Circuit has made clear that "comments by non-decisionmakers do not raise an inference of discrimination . . ..") (internal citations omitted). In fact, noticeably absent are any facts pleaded that identify who called Plaintiff "Los Viejos." [*See* DE 1]. Similarly, there are also no facts pleaded that Mr. Ervin allegedly told Plaintiff that the reason it was time to leave the company or that management would not increase their wages was because of, or had anything to do with, Plaintiff's age. [DE 1, ¶8].

---

[1] It should be noted that aside from Plaintiff's lone, conclusory allegation that he was harassed and discriminated against by Enrique Sequiera, the Complaint is devoid of any facts demonstrating any discriminatory or harassing comments made by, or actions taken by, Mr. Sequiera. [*See* DE 1].

Furthermore, while Plaintiff generally asserts that he was not treated equally compared to his younger peers Mr. Andres (LNU) and Mr. Billy (LNU), Plaintiff's claims fail because there are no facts pleaded demonstrating that he was treated differently from them because of his age. [DE 1, ¶ 9]. For example, Plaintiff, in a conclusory fashion, vaguely alleges that that he was assigned a heavier per-day workload while "younger" drivers (unknown as to who) were assigned less; Plaintiff would be sent home on slower days where "younger" drivers (again, unknown as to who) were guaranteed their hours; and that Plaintiff was not allowed to load his truck for the next day if he returned to the Defendant's jobsite after 5:00pm, while this restriction was not applied to "**other**" drivers. [DE 1, ¶10, 11, 13]. However, none of the aforementioned allegations support an ADEA violation because Plaintiff's general discontent in the workplace and changes to his work assignments are not sufficient to qualify as an "adverse employment action" under the ADEA. *See Pinkney v. Sch. Bd. of Broward Cnty.*, 2025 U.S. Dist. LEXIS 112986, at *8-9 (*quoting Diaz v. AIG Mktg., Inc.*, 396 Fed. Appx. 664, 667 (11th Cir. 2010)("At the outset, we note that neither assigning Diaz to the Fort Lauderdale area nor increasing his workload was an adverse employment action. It is not our role to second-guess AIG's business decisions, and changes to an employee's work assignments are rarely sufficiently 'adverse' to warrant scrutiny under the anti-discrimination laws.")(internal citations omitted)).

Moreover, there are no facts pleaded showing that Plaintiff was treated any different from Mr. Andres (LNU) and Mr. Billy (LNU) specifically, or any other identifiable employee, because of his age or how; that any restriction on Plaintiff's ability to load his truck after hours was because of his age; or that the drivers who allegedly could load their trucks past 5:00 pm were younger than him. Such conclusory allegations and opinions of unequal treatment from "younger" employees, without more, are nothing more than a formulaic recitation of the elements of an age

discrimination claim, which is insufficient to sustain a cause of action. *See Pinkney v. Sch. Bd. of Broward Cnty.*, 2025 U.S. Dist. LEXIS 112986, at *10 (dismissing Plaintiff's ADEA claim because "Plaintiff only alleges that "other 'male' and 'younger' employees were not treated similarly.")(*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Additionally, Plaintiff also alleges that Mr. Ervin "selectively enforced company policies against the Plaintiff" and that following Plaintiff's Complaint to Human Resources, "the harassment from Mr. Ervin intensified." [*See* DE 1, ¶ 12, 17]. However, these claims likewise fail because the Complaint is devoid of any facts pleaded that show what policies were selectively enforced against the Plaintiff by Mr. Ervin, because of his age or otherwise, or any facts whatsoever that evidence how Mr. Ervin's harassment "intensified." Furthermore, Count I also fails because Plaintiff's conclusory opinions, theories, and boiler plate allegations are unsupported by any facts pleaded to sufficiently allege that the decision to terminate Plaintiff from the Defendant was in any way motivated by Plaintiff's age, that the "Defendant and its supervisory personnel" had any knowledge or were aware of any discrimination on the basis of Plaintiff's age, or that any other adverse employment decision to Plaintiff during the course of his employment was **<u>because of his age</u>** to sufficiently allege intentional discrimination and to sustain a violation of the ADEA. [*See* DE 1, ¶ 18-23, 28-39]. *See Frankenhauser v. City of Margate*, 2025 U.S. Dist. LEXIS 19620, at *16-19 (S.D. Fla. Feb. 3, 2025)(finding that Plaintiff's allegations in the complaint are "thin and conclusory," and dismissing Plaintiff's ADEA claim because (1) there were no allegation pleaded that Plaintiff suffered an adverse employment consequence because of his age; (2) "general allegations that [Defendant] does not treat younger employees or subject them to the same conduct as it does older employees does not reasonably support that age was the cause of [Plaintiff's] alleged adverse consequences"; (3) "[n]otably, there are no allegations that

[Plaintiff] was treated differently than a specific, younger employee or was replaced by a substantially younger employee"; and (4) that there were was "no substantive factual allegations that any of [Plaintiff's] supervisors ever possessed discriminatory intent sufficient to state a claim under the ADEA."). Therefore, Plaintiff has failed to state a cause of action for a violation of the ADEA, and Count I must be dismissed.

**WHEREFORE**, Defendant, Wholesale Building Products, LLC ("Defendant"), respectfully request this Honorable Court Grant the Defendant's Motion to Dismiss Plaintiff's Complaint, enter an Order dismissing the Complaint, awarding Defendant their reasonable attorneys' fees and costs, and providing any other relief the Court deems just and proper.

DATED: July 17, 2026

**BOYD RICHARDS PARKER & COLONNELLI, P.L.**
100 S.E. Second Street, Suite 2600
Miami, FL 33131
Tel.: (786) 425-1045
Fax: (786) 425-3905
For Service of Pleadings:
ServiceMia@boydlawgroup.com

By: /s/ *Matthew D. Wolf*
**MICHAEL W. SHIVER, ESQ.**
Florida Bar No. 24283
mshiver@boydlawgroup.com
jcruz@boydlawgroup.com
**MATTHEW D. WOLF, ESQ.**
Florida Bar No. 1015588
mwolf@boydlawgroup.com
calvarez@boydlawgroup.com
*Counsel for Defendant, Wholesale Building Products, LLC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 17, 2026, I electronically filed the foregoing with the Clerk of Court via the CM/ECF system and, a true and correct copy of the foregoing was also served via e-mail on all parties on the Service List below.

By: */s/ Matthew D. Wolf*
**MATTHEW D. WOLF, ESQ.**

**SERVICE LIST**

GALLARDO LAW OFFICE, P.A.
**Maria Lopez, Esq.**
(FL Bar No. 1010761)
**Shedwin Eliassin, Esq.**
(FL Bar No. 1060990)
8492 SW 8th Street
Miami, FL 33144
maria.lopez@gallardolawyers.com
Tel: (305) 261-7000