**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

**ROLANDO F. QUINTANA,**
**Plaintiff,** **CASE NO.: 0:26-cv-61599-DSL**

**vs.**

**WHOLESALE BUILDING PRODUCTS, LLC.**

**Defendant.**
_______________________________________/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE**

Plaintiff, ROLANDO QUINTANA, by and through undersigned counsel, files this Response in Opposition to Defendant's Motion to Dismiss and states as follows:

## I. INTRODUCTION

Defendant's Motion to Dismiss should be denied because Plaintiff has alleged sufficient factual matter, accepted as true, to state a plausible claim for age discrimination under the Age Discrimination in Employment Act ("ADEA"). Plaintiff, a 58-year-old truck driver with nearly fifteen years of service, alleges that his manager and dispatcher repeatedly called him and another older employee "Los Viejos" ("the old ones"), told them it was time to leave the company, assigned him a dramatically heavier workload than younger drivers, sent him home on slow days while guaranteeing younger drivers their hours, and ultimately terminated him without reason approximately three months after he complained to Human Resources about this discriminatory treatment. These allegations, viewed in the light most favorable to Plaintiff as required at this stage, plausibly support an inference that age was the but-for cause of Plaintiff's termination and other adverse employment actions.

Defendant's motion improperly attempts to impose a heightened pleading standard by arguing that Plaintiff has failed to identify the precise decisionmaker responsible for each discriminatory remark, establish that each comparator is similarly situated in every respect, or conclusively demonstrate that age was the "but-for" cause of his termination. Those arguments improperly ask the Court to weigh the evidence and resolve factual issues that are reserved for discovery and, if appropriate, summary judgment. At this stage, the Court must accept Plaintiff's well-pled allegations as true and draw all reasonable inferences in Plaintiff's favor. Accordingly, Defendant's Motion should be denied.

## II. <u>STANDARD OF REVIEW</u>

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Lewis v. Noem, 2026 U.S. Dist. LEXIS 84351, at *5 (S.D. Fla. April 16, 2026)(quoting Fed. R. Civ. P. 8(a)(2)).* A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009). This plausibility standard requires more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Indeed, the Eleventh Circuit has repeatedly recognized that a plaintiff asserting an employment discrimination claim is not required to plead every element of a prima facie case to survive dismissal but instead must allege facts permitting a reasonable inference that the employer is liable for the alleged discrimination.

To establish a prima facie case of discrimination under the Age Discrimination in Employment Act (ADEA), a plaintiff must allege in [his] complaint that: (1) he was a member of

a protected class (i.e., that he was forty years old, or older); (2) he was subjected to an adverse employment action; (3) he was treated less favorably than a younger, similarly situated employee; and (4) he was qualified to do the job." *Lewis v. Noem*, 2026 U.S. Dist. LEXIS 84351, at *6 (internal citations omitted).

## III. ARGUMENT

To sufficiently plead an ADEA claim, "[a]t the pleading stage, a plaintiff must plausibly allege that (1) his employer took an adverse employment action against [him], and (2) his age was the 'but-for' cause of the employer's adverse action." *See Polakovic v. Univ. of Mia.*, 816 F. Supp. 3d 1304, 1313 (S.D. Fla. Jan. 20, 2026) (internal citations omitted). The requisite causal connection between age and termination may be sufficiently pled by factual allegations indicating that the plaintiff was replaced by a substantially younger individual *or* that the plaintiff was treated differently than a similarly situated, substantially younger individual. *See Muir v. Baptist Pulmonary Specialists, Inc.*, No. 3:21-CV-475-BJD-MCR, 2022 WL 22883187 (M.D. Fla. Feb. 15, 2022).

Plaintiff's Complaint satisfies this standard. The Complaint alleges that Plaintiff is 58 years old and was subjected to harassment and discrimination by manager Mr. Ervin and dispatcher Mr. Enrique Sequiera throughout his employment. Plaintiff and another older employee, Mr. Victor (age 60), were frequently referred to as "Los Viejos" ("the old ones") toward the end of Plaintiff's employment. Mr. Ervin commented that it was time for them to leave the company and stated that management was not willing to pay them more than they were already earning. These direct, age-related comments create a plausible inference of discriminatory animus.

Defendant argues that Plaintiff fails to identify who made the "Los Viejos" comments or connect Mr. Ervin's statements about leaving the company to Plaintiff's age. This argument

ignores the reasonable inferences to which Plaintiff is entitled. The Complaint alleges that Plaintiff and Mr. Victor, both over age 40, were "frequently referred to as 'Los Viejos'" by management in the context of harassment and discrimination. Reading the Complaint as a whole and drawing all reasonable inferences in Plaintiff's favor, it is plausible that the supervisors identified as harassing and discriminating against Plaintiff—Mr. Ervin and Mr. Sequiera—made these age-based comments.

Plaintiff alleges concrete disparities in treatment between himself and identified younger employees. Plaintiff was consistently assigned approximately nine deliveries per day, while younger drivers Mr. Andres (age 26) and Mr. Billy (age 33) were assigned approximately three deliveries per day. On slower days, Plaintiff would be sent home without work, whereas the younger drivers were guaranteed their hours. Mr. Ervin told Plaintiff he was not allowed to load his truck for the next day if he returned after 5:00 P.M., but this restriction was not applied to other drivers. Plaintiff identifies specific, substantially younger comparators by name and age, describes material differences in workload and hours, and alleges selective enforcement of policies.

Defendant argues that changes in work assignments do not constitute adverse employment actions. This argument fails for two reasons. First, Plaintiff alleges not merely changes in assignments but a pattern of heavier workloads, denial of guaranteed hours, and selective policy enforcement that materially disadvantaged him compared to younger employees. Being sent home without pay on slow days while younger employees were guaranteed their hours is a serious and material change in the terms and conditions of employment affecting compensation. Second, Plaintiff alleges the ultimate adverse employment action - termination. Plaintiff was terminated on March 13, 2025, without reason, approximately three months after filing a formal

complaint about age discrimination with Human Resources. Termination unquestionably constitutes an adverse employment action.

The complaint alleges the temporal proximity between Plaintiff's complaint to Human Resources and his termination supporting an inference of discriminatory intent. The Complaint alleges Plaintiff filed a formal complaint in December 2024 with Ms. Carolina Tambole from Human Resources and with the company owner, Ms. Eagenet, regarding age-based harassment and discrimination. Plaintiff was informed that an investigation would be conducted. Following Plaintiff's complaint, the harassment from Mr. Ervin intensified. On March 13, 2025—approximately three months later—Plaintiff was terminated without reason. While temporal proximity alone may not establish causation when the interval exceeds a brief period, the three-month gap here is considered in context with other evidence of discriminatory animus. When an employer contemplates and initiates adverse employment action prior to an employee's engagement in allegedly protected activity, the employee cannot establish the required causal connection for a prima facie retaliation claim based solely on temporal proximity. Here, however, Plaintiff alleges that the harassment intensified after his complaint and that he was terminated without reason, supporting an inference that the decision-makers' discriminatory intent, rather than a legitimate business reason, drove the termination decision.

Defendant's Motion repeatedly faults the Complaint for failing to allege that decision-makers made the discriminatory comments, for not specifying how harassment "intensified," and for not proving that age rather than some other factor caused the termination. Whether Mr. Ervin or other supervisory personnel influenced or participated in the decision to terminate Plaintiff presents a factual issue that cannot be resolved on a motion to dismiss. The Complaint here provides ample factual detail (i) Plaintiff's age; (ii) the identity and ages of younger comparators;

(iii) specific disparate treatment in workload, hours, and policy enforcement; (iv) direct age-based epithets; (v) statements by a manager that it was time for older employees to leave; (vi) a formal discrimination complaint; (vii) and termination without stated reason shortly thereafter.

These allegations go well beyond conclusory assertions or formulaic recitations of elements. They provide Defendant with fair notice of the claims and plausibly indicate that Plaintiff is entitled to relief based on age discrimination. Therefore, since Plaintiff has alleged sufficient factual matter to state a plausible claim for relief under the ADEA, Defendant's Motion to Dismiss should be denied in its entirety.

**WHEREFORE** for the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant’s Motion to Dismiss in its entirety and grant such other and further relief as the Court deems just and proper.

DATED: July 31, 2026

Respectfully, Submitted

*/s/ Maria Lopez*
Maria Lopez, Esq.
Fla. Bar No.: 1010761
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by CM/ECF to all parties attached to the counsel list this 31th day of July 2026.

Matthew Dylan Wolf
Boyd Richards Parker, Colonnelli
100 SE 2nd Street

Miami, FL 33131
Email: mwolf@boydlawgroup.com

Michael W. Shiver, Jr.
Boyd Richards Parker & Colonnelli
100 SE 2nd Street
Miami, FL 33401
Email: mshiver@boydlawgroup.com

_/s/Maria Lopez_
Maria Lopez, Esq.
Fla. Bar No.: 1010761