**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

**CASE NO. 0:26-cv-61599-LEIBOWITZ**

RONALDO QUINTANA )
)
Plaintiff, )
)
**v.** )
)
WHOLESALE BUILDING )
PRODUCTS, LLC )
)
Defendant, )
)
)

**DEFENDANT, WHOLESALE BUILDING PRODUCTS, LLC'S REPLY TO PLAINITFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

Defendant, Wholesale Building Products, LLC ("Defendant"), by and through its undersigned counsel, hereby files this Reply to Plaintiff, Rolando Quintana's, Response in Opposition to the Defendant's Motion to Dismiss ("Response")[1], and in support thereof states as follows:

**ARGUMENT**

Contrary to the arguments in the Response, the Defendant's Motion to Dismiss [DE 7] ("Motion to Dismiss") is supported by viable legal arguments, controlling authorities, and an accurate representation of the facts pled. With little else to fall back on, the Response mischaracterizes and ignores the Defendant's arguments, federal pleading standards, and the actual facts pled. Rather, Plaintiff improperly attempts to cure defects through entirely new allegations and legal theories *not pled in his Complaint*. This is to distract from the fact that the Complaint

[1] Despite the heading of the Response, the Defendant's Motion to Dismiss did not request that the Complaint be dismissed with prejudice.

fails to allege facts sufficient to present a viable claim for violation of the Age Discrimination in Employment Act ("ADEA").

Contrary to the arguments raised in the Response, the Motion to Dismiss does not seek to impose a "heightened pleading standard," nor does the Defendant ask the Court to weigh evidence or resolve factual issues that are reserved for discovery or summary judgment. Federal law is clear that a Complaint must provide more than "labels and conclusions," a formulaic recitation of the elements, or "naked assertions devoid of further factual enhancement," and while the Court must generally accept the Plaintiff's allegations as true, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Lewis v. Noem*, 2026 U.S. Dist. LEXIS 84351, at *5-6 (S.D. Fla. April 16, 2023)(*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))(remaining internal citations and quotations omitted).

In his Response, Plaintiff tries to argue that the underlying Complaint alleges (1) "[Plaintiff's] manager and dispatcher repeatedly called him and another older employee "Los Viejos" ("the old ones"); (2) Plaintiff was "frequently referred to" as 'Los Viejos' by management in the context of harassment and discrimination"; (3) Plaintiff's manager stated it was time for older employees to leave; and (4) that Plaintiff filed a "formal complaint about age discrimination with Human Resources" and "with the Company owner Ms. Eagenet."[2] [*See* DE 9, p. 1-6]. Simply put, none of these allegations are pled within the four corners of the Complaint, and Plaintiff cannot attempt to cure his pleading defects by attempting to re-cast, explain, expand upon or exaggerate his actual allegations in the Complaint, so as to retroactively attempt to repair his defective pleading. [*Cf.* DE 1, ¶¶ 6, 7, 14]; *see also De Jesus Hernandez v. Four Seasons Hotels, Ltd.*, 2005

[2] The Complaint asserts that this alleged internal complaint was made with the company owner, Ms. Emily Vinet; not Ms. Eagenet. [*Cf.* DE 1, ¶14].

U.S. Dist. LEXIS 57170, at *2-3 (S.D. Fla. Dec. 1, 2005)("Furthermore, [i]n ruling on a motion to dismiss, the Court is constrained to review the allegations as contained within the four corners of the complaint and may not consider matters outside the pleading.")(internal citations and quotations omitted). Additionally, and for the first time, Plaintiff's Response improperly attempts to articulate a claim for retaliation, which was never pled, and as a result, should be disregarded. [*See* DE 7, p. 5].

Regarding the multiple pleading deficiencies present in the Complaint, first, it utterly fails to identify who called Plaintiff "Los Viejos" and, despite Plaintiff's arguments in the Response, there are no facts pled evidencing that this statement was ever made by management, by Mr. Ervin, by Mr. Sequiera,[3] or anyone with supervisory authority over Plaintiff, nor are there any facts pled that would create a reasonable or plausible inference of same. [*Cf.* DE 1, ¶¶ 6, 7]. Similarly, the Response argues that the Complaint *implies* that the alleged statements – that it was time for Plaintiff to leave the company and that management was not willing to pay him more than he was already making – were "age-related." [See DE 7, 3-4]. However, this argument fails again, as there are also no facts pled that any *management personnel* ever made any comment or criticism of Plaintiff's age. [*Cf.* DE 1, ¶8]. Likewise, the Complaint fails to plead that his internal complaint to Human Resources concerned "age-based discrimination and harassment." The Complaint fails to allege any facts to support any inference that the internal complaint was age related. At best, an inference can be made that the internal complaint referred to an alleged restriction on loading his truck that was not applied to "**other** drivers," as opposed to a restriction not applied to **younger** drivers. [*Cf.* DE 1, ¶¶ 13-16].

[3] It is important to note that the Response blatantly ignores the Defendant's argument that the Complaint fails to plead any identifiable statement or action of harassment or discrimination by Mr. Sequiera.

As a result, none of these allegations, either individually or collectively, demonstrate or imply any age-based discriminatory intent or animus by Mr. Ervin or Mr. Sequiera.

Next, Plaintiff argues that he has alleged "selective enforcement of policies" sufficient to support an ADEA claim, and that *any changes* to Plaintiff's work assignments constitute an adverse employment action. [*See* DE 7, p. 4]. However, Plaintiff must allege actual facts sufficient to establish that, "but-for" his age, he would not have suffered an "adverse employment action." Se*e also Polakovic v. Univ. of Mia.*, 816 F. Supp. 3d 1304, 1313 (S.D. Fla. Jan. 20, 2026)(internal citations omitted). He has failed to do so.

Despite Plaintiff's arguments – which are unsupported by *any* legal authority –the Complaint is devoid of any allegation that show, or reasonably imply, that the reason his workload was decreased, that he was sent home on slower days; or that any policy was "selectively enforced" against him was **because of his age**. Furthermore, Plaintiff's Response ignores the well-established authority relied upon by the Defendant, holding that general allegations of different treatment than "younger employees" are insufficient to support an age discrimination claim, and also that mere "changes" to an employee's work assignments are not considered an adverse employment action for a discrimination claim. See *Pinkney v. Sch. Bd. of Broward Cnty.*, 2025 U.S. Dist. LEXIS 112986, at *8-9 (S.D. Fla. June 13, 202)(*quoting Diaz v. AIG Mktg., Inc.*, 396 Fed. Appx. 664, 667 (11th Cir. 2010).

Likewise, there are simply no facts pled alleging or implying that Plaintiff was terminated because of his age, or any factual allegations supporting an "inference of the decision-makers' discriminatory intent" or any discriminatory animus. [*CF.* DE 7, p. 5; DE 1, ¶¶ 13-21]. There are likewise no facts evidencing how any alleged "harassment" by Mr. Ervin manifested itself, or how it "intensified." Plaintiff argues that he need not identify any causal connection or nexus between

the individuals who allegedly made the discriminatory comments and the individuals with decision making authority that ultimately terminated his employment. Respectfully, Plaintiff's position defies federal law.[4]

Plaintiff's arguments in his Response are nothing more than a collection of his own speculation and legal conclusions couched as factual allegations. Plaintiff's Response attempts to introduce new facts and theories for the first time, in a vain attempt to create the slightest possible speculative connection between any "discriminatory comments" made by fellow employees, and age-based discrimination by the Defendant. However, Plaintiff's Complaint fails to credibly allege that Plaintiff's age was the "but for cause" of any legitime adverse employment action within the meaning of the ADEA. Plaintiff's attempt to supplement and bootstrap his vague and conclusory Complaint, and recast his own speculation and legal theories as "facts" are insufficient to prevent dismissal. *See Merlin Petroleum Co. v. Sarabia*, 2016 U.S. Dist. LEXIS 72626, at *3 (S.D. Fla June 3, 2016). Accordingly, Plaintiff's Complaint must be dismissed.

**WHEREFORE**, Defendant, Wholesale Building Products, LLC ("Defendant"), respectfully request this Honorable Court Grant the Defendant's Motion to Dismiss Plaintiff's Complaint, enter an Order dismissing the Complaint, awarding Defendant their reasonable attorneys' fees and costs, and providing any other relief the Court deems just and proper.

DATED: August 7, 2026

---

[4] It is also important to note that the Response likewise ignores, and fails to address, the authority relied on in the Motion to Dismiss pertaining to comments by non-decision-makers not raising an inference of discrimination. [*See* DE 7, p. 4]; see *Lewis v. Noem*, 2026 U.S. Dist. LEXIS 84351, at *17-18 (collecting cases).

Respectfully submitted,

**BOYD RICHARDS PARKER & COLONNELLI, P.L.**
100 S.E. Second Street, Suite 2600
Miami, FL 33131
Tel.: (786) 425-1045
Fax: (786) 425-3905
For Service of Pleadings:
ServiceMia@boydlawgroup.com

By: /s/ *Matthew D. Wolf*
**MICHAEL W. SHIVER, ESQ.**
Florida Bar No. 24283
mshiver@boydlawgroup.com
jcruz@boydlawgroup.com
**MATTHEW D. WOLF, ESQ.**
Florida Bar No. 1015588
mwolf@boydlawgroup.com
calvarez@boydlawgroup.com
*Counsel for Defendant, Wholesale Building Products, LLC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 7, 2026, I electronically filed the foregoing with the Clerk of Court via the CM/ECF system and, a true and correct copy of the foregoing was also served via e-mail on all parties on the Service List below.

By: /s/ *Matthew D. Wolf*
**MATTHEW D. WOLF, ESQ.**

## SERVICE LIST

GALLARDO LAW OFFICE, P.A.
**Maria Lopez, Esq.**
(FL Bar No. 1010761)
**Shedwin Eliassin, Esq.**
(FL Bar No. 1060990)
8492 SW 8th Street
Miami, FL 33144
maria.lopez@gallardolawyers.com
Tel: (305) 261-7000