**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

**CASE NO.: 0:26-cv-61599-DSL**

RONALDO QUINTANA,

Plaintiff,

v.

WHOLESALE BUILDING PRODUCTS, LLC,

Defendant.
_______________________________________/

**DEFENDANT, WHOLESALE BUILDING PRODUCTS, LLC'S**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT [D.E. 28]**

Defendant, Wholesale Building Products, LLC ("Defendant"), pursuant to Rule 12(b)(6), *Federal Rules of Civil Procedure*, files this Motion to Dismiss Plaintiff, Rolando Quintana's ("Plaintiff") Amended Complaint [D.E. 28], and in support states as follows:

## INTRODUCTION

On June 1, 2026, Plaintiff filed this lawsuit against his former-employer Defendant following a finding of no reasonable cause and dismissal of Plaintiff's initial administrative complaint to the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC"), alleging one count of age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"). On July 1, 2026, the Defendant filed a Motion to Dismiss Plaintiff's Complaint [D.E. 7]. On September 25, 2026, the Court granted the Defendant's Motion to Dismiss the Complaint without prejudice [D.E. 24].

In granting the Defendant's Motion, the Court found that Plaintiff's Complaint failed to satisfy the second and forth elements of an ADEA claim for age discrimination, because Plaintiff

failed to allege facts sufficient to show he was qualified for the position or that he satisfactorily performed his duties, and because Plaintiff failed to plead any facts to show that his termination was because of his age, or alleging sufficient facts from which the Court may draw a reasonable inference of disparate treatment or intentional discrimination. [D.E. 24] at Pg. 6-7.

On October 8, 2026, Plaintiff filed an Amended Complaint [D.E. 28] alleging one count of age discrimination in violation of the ADEA (Count I) and one count of unlawful retaliation in violation of the ADEA (Count II). However, the allegations of the Amended Complaint fail to state a cause of action for age discrimination in violation of the ADEA because the Plaintiff failed to cure the pleading deficiencies identified in the initial Complaint and allege sufficient facts to show that an adverse employment action was taken against the Plaintiff because of his age, or that his age was the "but for cause" of his termination, as is required by the ADEA. As a result, dismissal of Plaintiff's Amended Complaint is warranted.

**STANDARD OF REVIEW**

"A pleading in a civil action must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Lewis v. Noem*, 2026 U.S. Dist. LEXIS 84351, at *5 (S.D. Fla. April 16, 2026) (*quoting* Fed. R. Civ. P. 8(a)(2)). Dismissal as per Rule 12(b)(6) is proper if a claim does not allege the proper elements of the cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, the plaintiff is obligated to provide the grounds of his entitlement to relief, and "that obligation . . . requires more than labels and conclusion or a formulaic recitation of the elements of a cause of action." *Id.* ("Factual allegations must be enough to raise a right of relief beyond a speculative level."). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. As a result, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *See Merlin Petroleum Co. v. Sarabia*, 2016 U.S. Dist. LEXIS 72626, at *3 (S.D. Fla June 3, 2016).

"[T]he standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the claim." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 556). "[W]hen plaintiffs 'have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When evaluating a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded factual allegations as true and draw all inferences in favor of the plaintiff. *Jackson v. Alto Experience, Inc.*, 716 F. Supp. 3d 1327, 1333 (S.D. Fla. 2024) (citing *Smith v. United States*, 873 F.3d 1348, 1351 (11th Cir. 2017)). The Court may only consider allegations in the pleadings and exhibits attached to those pleadings. *Id.* at 1333.

## ARGUMENT AND MEMORANDUM OF LAW

### I. FACTUAL BACKGROUND AND ALLEGATIONS IN PLAINTIFF'S AMENDED COMPLAINT

Plaintiff is a fifty-eight (58) year old CDL truck driver who worked for Defendant from June 13, 2010, until Defendant terminated his employment on March 17, 2025. [D.E. 28] at ¶¶ 9-11, 33. Plaintiff was employed by the Defendant for approximately 15 years at the time of his termination; and had a total of 25 years of experience working as a CDL truck driver. He was one of the oldest and most senior truck drivers employed by the Defendant at the time he was terminated from his employment. [D.E. 28] at ¶¶ 14-16.

Plaintiff alleges that towards the end of his employment, Defendant began hiring

substantially younger drivers. [D.E. 28] at ¶¶ 15-16. Further, as younger drivers entered Defendant's workforce, Plaintiff began experiencing less favorable treatment from his direct supervisor, Ervin Torrez ("Torrez"), who frequently referred to Plaintiff and a 60-year-old coworker as "Los Viejos" ("the old ones"). [D.E. 28] at ¶¶ 16-18. Torrez exercised supervisory authority over Plaintiff, assigned routes, determined hours, sent drivers home, and participated in the meeting at which Defendant terminated Plaintiff's employment. [D.E. 28] at ¶¶ 17, 44.

During meetings attended by the Plaintiff and most of Defendant's other CDL truck driver employees, Torrez stated that the older drivers should seek work elsewhere, because the Defendant would not give the drivers any raises. [D.E. 28] at ¶¶ 19, 42. Plaintiff states that after making these comments, Torrez began treating Plaintiff less favorably in regard to the terms and conditions of his employment and specifically did not treat Plaintiff equally compared to younger peers like Andres (LNU), who is 26 years old, and Billy (LNU), who is 33 years old. [D.E. 28] at ¶¶ 18-20.

Plaintiff was consistently assigned a heavier workload; typically around nine (9) deliveries per day, while the younger drivers were assigned approximately three (3) deliveries per day. [D.E. 28] at ¶ 22. On slower days, Plaintiff was sent home without work; whereas younger drivers were permitted to continue working and receive additional hours. [D.E. 28] at ¶ 23. Torrez also selectively enforced company policies against Plaintiff, by prohibiting him from loading his truck for the next day if he returned from the job site after 5:00 p.m.; however, Torrez did not enforce this same restriction on younger drivers, who were permitted to load their truck under similar circumstances. [D.E. 28] at ¶ 24.

In December 2024, Plaintiff complained to Defendant's Human Resources Manager, Carolina Tambole, and Defendant's Vice President Emily Vinet, concerning Torrez' treatment of him. Plaintiff informed Tambole and Vinet that he believed Torrez was discriminating against him

because Plaintiff was one of the oldest drivers, and that he was being sent home on slow days despite work being available. Following Plaintiff's complaint, the harassment by Torrez did not cease thereafter "intensified." [D.E. 28] at ¶¶ 25-29.

On March 13, 2025, approximately three months after Plaintiff complained to management regarding Torrez, the Defendant terminated Plaintiff's employment. Plaintiff's termination occurred during a meeting attended by Vinet, Torrez, dispatcher Enrique Sequeria, and Safety and Fleet Coordinator Victorino Gonzalez, where Gonzalez communicated notice of the termination to Plaintiff while the other individuals were present. [D.E. 28] at ¶¶ 25-29.

## II. COUNT I FAILS TO STATE A CAUSE OF ACTION FOR AGE DISCRIMINATION IN VIOLATION OF THE ADEA

"To establish a claim of age discrimination, a plaintiff must show that: (1) he was a member of a protected class (i.e., that he was forty years old, or older); (2) he was subjected to an adverse employment action; (3) he was treated less favorably than a younger, similarly situated employee; and (4) he was qualified to do the job." *Lewis v. Noem*, 2026 U.S. Dist. LEXIS 84351, at *6 (internal citations omitted). Moreover, "the ordinary meaning of the ADEA's requirement that an employer took adverse action 'because of' age is that age was the 'reason' that the employer decided to act." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009).

Thus, to sufficiently plead an ADEA claim, "[a]t the pleading stage, a plaintiff must plausibly allege that (1) his employer took an adverse employment action against [him], and (2) his age was the 'but-for' cause of the employer's adverse action." *See Polakovic v. Univ. of Mia.*, 816 F. Supp. 3d 1304, 1313 (S.D. Fla. Jan. 20, 2026) (internal citations omitted); *see also Pinkney v. Sch. Bd. of Broward Cnty.*, 2025 U.S. Dist. LEXIS 112986, at *10 (S.D. Fla. June 13, 2025) ("Likewise, to state a claim for age discrimination under the ADEA, Plaintiff must allege that she 'has lost out because of [her] age.'")(internal citations omitted); *Gross v. FBL Fin. Servs., Inc.*,

557 U.S. at 176 ("To establish a disparate-treatment claim under the plain language of the ADEA, therefore, a plaintiff must prove that age was the "but-for" cause of the employer's adverse decision."). "This standard aligns with the single-motive framework under Title VII, which asks whether discrimination was the outcome-determinative reason for the employment action." *Epperson v. Hertz Corp.*, 2026 U.S. App. LEXIS 33524, *8 (11th Cir. Nov. 2, 2026) (citing *McCreight v. AuburnBank*, 117 F.4th 1322, 1334 (11th Cir. 2024) (citation modified)).

"To establish an 'adverse employment action' . . . plaintiff must show a *serious* and *material* change in the terms, conditions, or privileges of employment." *Pinkney v. Sch. Bd. of Broward Cnty.*, 2025 U.S. Dist. LEXIS 112986, at *7 (S.D. Fla. June 13, 2025)(*citing David v. Town of Lake Park*, Fla. 245 F.3d 1232, 1239 (11th Cir. 2001). "While an adverse employment action can extend to actions that fall short of ultimate decisions . . . the conduct must still, in some substantial way, alter the employee's compensation, terms, conditions, or privileges of employment, deprive him or her of employment opportunities, or adversely affect his or her status as an employee." *Id.* (internal citations and quotations omitted).

Also, while a plaintiff is not required to fully establish a *prima facie* age discrimination case at the pleading stage, "a plaintiff must allege sufficient facts 'giving rise to an inference of disparate treatment' or intentional discrimination." *See Polakovic v. Univ. of Mia.*, 816 F. Supp. 3d at 1313 (internal citations omitted). "[T]he requisite causal connection between age and termination may be sufficiently pled by factual allegations indicating that the plaintiff was replaced by a substantially younger individual or that the plaintiff was treated differently than a similarly situated, substantially younger individual." *Lewis v Noem*, No. 25-cv-23158-BLOOM/Elfenbein, 2026 U.S. Dist. LEXIS 84351, at *17 (S.D. Fla. Apr. 16, 2026); (citing *Muir v. Baptist Pulmonary Specialists, Inc.*, No. 3:21-CV-475-BJD-MCR, 2022 U.S. Dist. LEXIS 253392, 2022 WL

22883187, at *6 (M.D. Fla. Feb. 15, 2022). Moreover, Plaintiff must allege sufficient facts "giving rise to an inference of disparate treatment" or intentional discrimination. *Caraway v. Sec'y, U.S. Dep't of Transp.*, 550 F. App'x 704, 710 (11th Cir. 2013).

Here, the Plaintiff fails to state a cause of action for a violation of the ADEA in Count I of the Amended Complaint because Plaintiff fails to satisfy the limited burden of alleging sufficient facts to give rise to an inference of disparate treatment or intentional discrimination that would demonstrate that the Defendant terminated Plaintiff's employment or took any other adverse employment action against him "because of" his age.

Specifically, the Amended Complaint does not allege sufficient facts giving rise to a reasonable inference of disparate treatment or intentional discrimination, because Plaintiff does not allege facts showing that any purported age-based comments identified in the Amended Complaint were made in connection with the decision-making process behind Plaintiff's termination. Additionally, nothing in Plaintiff's allegations gives rise to a reasonable inference that any of the comments identified in the Amended Complaint were made in connection with the March 13, 2025 meeting at which the Plaintiff was terminated, or that the Plaintiff's supervisor, whom is accused of making the offending remarks was actually involved in the decision making process or the actual decision to terminate Plaintiff's employment on that date.

It is well settled that "[r]emarks by non-decisionmakers, or remarks unrelated to the decision-making process itself, do not support a plausible inference of discriminatory intent." *Petrelli v. Renal Advantage, Inc.*, No. 26-14077-cv-MIDDLEBROOKS, 2026 U.S. Dist. LEXIS 83739, *5 (S.D. Fla. Apr. 16, 2026); *Thomas v. Atlanta Pub. Sch.*, No. 23-11101, 2024 U.S. App. LEXIS 14507, 2024 WL 2992938, at *6 (11th Cir. June 14, 2024) ("Remarks by non-decisionmakers or remarks unrelated to the decisionmaking process itself are not direct evidence

of discrimination.") (citing *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998)). Here, the Amended Complaint identifies certain alleged statements made by Plaintiff's direct supervisor Ervin Torrez as evidence of discriminatory animus or intent. Specifically, Plaintiff cites to comments made by Torrez wherein he frequently referred to Plaintiff and a 60-year-old coworker as “Los Viejos” (“the old ones”), as well as Torrez's remarks made during a general meeting with Defendant's CDL truck drivers, during which he said that older drivers employed by the Defendant should seek work elsewhere, because the Defendant would not be giving these drivers any additional compensation or raises. [D.E. 28] at ¶¶ 16-18.

The Amended Complaint also alleges that Torrez possessed supervisory authority over the Plaintiff, which included the authority to assign routes, determine hours, send drivers home, and terminate Plaintiff's employment. [D.E. 28] at ¶¶ 17, 44. However, the Complaint fails to allege that Torrez exercised that authority in connection with the adverse employment actions described in Plaintiff's Amended Complaint, and further fails to allege that he had any actual control, role., or influence in the Plaintiff's termination or the meeting that was conducted on March 13, 2025 in which Plaintiff was notified of his termination by other members of Defendant's management. Absent such allegations, the Eleventh Circuit has made clear that comments by non-decisionmakers or comments unrelated to the decision-making process itself are insufficient to raise an inference of discrimination and cannot establish a plausible claim of age discrimination based on direct evidence. *See Standard*, 161 F.3d at 1329-30 (statement by non-decisionmaker that "older people have more go wrong" was not probative of discriminatory intent); *Mauter v. Hardy Corp.*, 825 F.2d 1554, 1558 (11th Cir. 1987) (statement by non-decisionmaker that "[t]he Hardy Corporation was going to weed out the old ones" did not raise a genuine issue of material fact regarding discriminatory intent). The Amended Complaint here is devoid of any allegations that

*decision-makers* in regards to the adverse employment actions at issue, i.e., the termination of Plaintiff's employment on March 13, 2025, held any discriminatory animus or acted with discriminatory intent, and the remarks identified in the Amended Complaint and attributed to Torrez do not establish the necessary factual allegations to set forth a plausible claim or inference of discrimination. As such, even construing all allegations of the Amended Complaint in the light most favorable to Plaintiff, the Plaintiff fails to set forth a plausible claim of age discrimination, and Count I of the Amended Complaint should be dismissed.

The conclusion that Plaintiff's Amended Complaint does not allege sufficient facts to establish a plausible claim for age discrimination is further buttressed because there are no allegations in the Amended Complaint establishing that Torrez did in fact exercise decision-making authority in connection with Plaintiff's termination on March 13, 2025, particularly as the remarks that the Amended Complaint do attribute to Torrez were made at least three months prior to the meeting in question, before Plaintiff claims he complained to Human Resources in December 2024. Under these circumstances, a remark made in December 2024 or earlier could not have exercised control or influence in the decision-making process leading to Plaintiff's termination meeting held three months later. Further, the insufficient factual allegations in in the Amended Complaint is further compounded by the absence of factual allegations in the Amended Complaint to support a plausible claim or age discrimination, or establish discriminatory animus or intent related to the March 13, 2025 termination. *See Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1329-30 (11th Cir. 1998), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006) (citing *E.E.O.C. v. Alton Packaging Corp.,* 901 F.2d 920, 924 (11th Cir.1990)); *see also Atkin v. Lincoln Property Co.,* 991 F.2d 268, 272 (5th Cir.1993) (holding that a demotion accompanied by employer's statement that

plaintiff was "getting up there in years" and should retire was not direct evidence of age discrimination when he was terminated almost one year later). Moreover, there are no facts pled alleging the reason for Torrez' remark purportedly stating that it was time for Plaintiff to leave the company or informing him that Defendant's management would not increase his compensation or give Plaintiff a raise "because of" or in any way related to Plaintiff's age. [D.E. 28] at ¶ 19.

These conclusions are further compounded and buttressed by the absence of factual allegations identifying a proper comparator or otherwise connecting the remarks to Plaintiff's termination, and Plaintiff continues to insufficiently allege facts in the Amended Complaint to show that Plaintiff's allegations of less favorable or unequal treatment compared to his younger colleagues employed by the Defendant was "because of" his age. While Plaintiff generally asserts that he was treated unequally compared to younger peers such as Mr. Andres (LNU) and Mr. Billy (LNU), Plaintiff's discrimination claim based on this alleged unequal treatment fails because there are no facts pled demonstrating that Andres and/or Billy were he was treated differently from younger CDL truck drivers who were substantially similar to the Plaintiff "because of" his age, and general allegations that he was treated less favorable than his younger peers is deficient because "general discontent in the workplace and changes to … work assignments are not sufficient to qualify as an adverse employment action" under the ADEA. [*Id*. at 5 (citing *Pinkney v. Sch. Bd. of Broward Cnty*., 2025 U.S. Dist. LEXIS 112986, at *8-9 (quoting *Diaz v. AIG Mktg., Inc*., 396 F. App'x 664, 667 (11th Cir. 2010) ("At the outset, we note that neither assigning Diaz to the Fort Lauderdale area nor increasing his workload was an adverse employment action. It is not our role to second-guess AIG's business decisions, and changes to an employee's work assignments are rarely sufficiently 'adverse' to warrant scrutiny under the anti-discrimination laws.") (internal citations omitted)).

Notably, "[t]he mere fact that someone outside the protected class was subject to a more favorable employment decision does not "give us enough information" to "infer that unlawful discrimination 'played any part' in the process that led to that decision." *Rosado v. Sec'y, Dep't of the Navy,* 127 F.4th 858, 868 (11th Cir. 2025). "An employer is well within its rights to accord different treatment to employees who are differently situated in 'material respects'-*e.g.,* who engaged in different conduct, who were subject to different policies, or who have different work histories." *Jimenez v United States AG,* 146 F. 4th 972, 997 (11th Cir. 2025); (quoting *Lewis v. City of Union City,* 918 F.3d 1213, 1228 (11th Cir. 2019)). However, here, there are no facts pleaded showing that Plaintiff was treated any different from Mr. Andres (LNU) and Mr. Billy (LNU) specifically, or any other identifiable employee, because of his age. Instead, the Amended Complaint simply alleges in conclusory terms and opinions that he was subject to unequal treatment and less favorable treatment than his younger colleagues. Without more, these allegations are nothing more than a formulaic recitation of the elements of an age discrimination claim, which is insufficient to sustain a cause of action. *See Pinkney v. Sch. Bd. of Broward Cnty.*, 2025 U.S. Dist. LEXIS 112986, at *10 (dismissing Plaintiff's ADEA claim because "Plaintiff only alleges that "other 'male' and 'younger' employees were not treated similarly.")(*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see Frankenhauser v. City of Margate*, 2025 U.S. Dist. LEXIS 19620, at *16-19 (S.D. Fla. Feb. 3, 2025) (finding that Plaintiff's allegations in the complaint are "thin and conclusory," and dismissing Plaintiff's ADEA claim because (1) there were no allegation pleaded that Plaintiff suffered an adverse employment consequence because of his age; (2) "general allegations that [Defendant] does not treat younger employees or subject them to the same conduct as it does older employees does not reasonably support that age was the cause of [Plaintiff's] alleged adverse consequences"; (3) "[n]otably, there are no allegations that [Plaintiff]

was treated differently than a specific, younger employee or was replaced by a substantially younger employee"; and (4) that there were "no substantive factual allegations that any of [Plaintiff's] supervisors ever possessed discriminatory intent sufficient to state a claim under the ADEA."). In the absence of allegations connecting the alleged discriminatory remarks to the termination decision, or identifying a similarly situated comparator, the Amended Complaint fails to state a plausible claim for disparate treatment age discrimination. Accordingly, and for these reasons, Plaintiff has failed to state a cause of action for age discrimination in violation of the ADEA, and Count I of the Amended Complaint must be dismissed.

## III. COUNT II FAILS TO STATE A CAUSE OF ACTION FOR RETALIATION IN VIOLATION OF THE ADEA

Count II of the Amended Complaint purports to assert a claim for unlawful retaliation in violation of the ADEA. As a general matter, to state an ADEA retaliation claim, a plaintiff must plausibly allege that (1) he engaged in statutorily protected expression; (2) he suffered a materially adverse employment action; and (3) his employer's retaliatory motive was the "but for" cause of the adverse employment action. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 133 S. Ct. 2517, 186 L. Ed. 2d 503 (2013); *Trask v. Sec'y, Dep't of Veterans Affairs*, 822 F.3d 1179, 1193-94 (11th Cir. 2016). Based on these elements, the Plaintiff has not stated a plausible claim of retaliation in Count II of the Amended Complaint because he cannot sufficiently allege the element of causation based on temporal proximity between the ADEA protected expression and the adverse employment action, i.e., Plaintiff's termination. To state a plausible claim of ADEA retaliation, the Plaintiff must allege facts showing that retaliation was the but-for cause of an adverse employment action. *Wiggins v. City of Montgomery*, No. 2:17-cv-425-SMD, 2019 U.S. Dist. LEXIS 160334, at *38 (M.D. Ala. Sep. 20, 2019) (citations omitted). A plaintiff can establish causation by showing a "very close" temporal proximity between the statutorily protected activity

and the adverse action. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (per curiam) (internal quotation marks omitted); *Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 642 (11th Cir. 2018); *Bucknell v. Beckman Coulter, Inc.*, 2026 U.S. Dist. LEXIS 115590, *19 (M.D. Fla. May 26, 2026). However, mere temporal proximity, without more, must be "very close" or it will be insufficient to show causation, and Plaintiff's retaliation claim would fail as a matter of law. *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S. Ct. 1508, 1511, 149 L. Ed. 2d 509 (2001) (internal citations omitted).

Here, Plaintiff asserts that he engaged in protected activity by complaining to Defendant's Human Resources in December 2024. [D.E. 28] at ¶ 51. *Bucknell*, 2026 U.S. Dist. LEXIS 115590, at *18 ("an objectively reasonable report of discrimination that is made to human resources is a protected activity."). Approximately three months after Plaintiff complained to Defendant's management regarding discrimination, Defendant terminated Plaintiff's employment. [D.E. 28] at ¶ 55. Thus, Plaintiff's retaliation claim relies on a three month temporal proximity between the protected activity of the employee, and Plaintiff's subsequent termination.

Such allegations are insufficient to establish a plausible retaliation claim as a matter of law, and accordingly, Count II must be dismissed. More specifically, the Eleventh Circuit has been clear that a three-month lapse between protected activity by an employee and an adverse employment action is too attenuated to constitute sufficiently close temporal proximity so as to establish causation. *See Gilliam v. U.S. Dep't of Veterans Affs.*, 822 Fed. Appx. 985, 990 (11th Cir. 2020) ("[T]he lapse of three . . . is too long to permit an inference of causation based on temporal proximity alone."); *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) ("A three-to-four-month disparity between the statutorily protected expression and the adverse employment action is not enough." (citations omitted)); *Brown v. Alabama Dep't of Transp.*, 597

F.3d 1160, 1182 (11th Cir. 2010) ("Even a three-month interval between the protected expression and the employment action—the briefest interval we face here—is too long."). Here, Plaintiff's retaliation claim is based on a three-months elapsed time difference between Plaintiff's protected activity and Plaintiff's termination. As a matter of law, three months is too attenuated to support a finding of causation based on temporal activity. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007); *see Richmond v. ONEOK*, 120 F.3d 205, 209 (10th Cir. 1997) (3 month time period insufficient); *Hughes v. Derwinski*, 967 F.2d 1168, 1174-75 (7th Cir. 1992) (4 month time period insufficient)). Accordingly, in the absence of some other direct evidence tending to show causation, the alleged delay of three months between protected expression and adverse action, the Plaintiff's claim of unlawful ADEA retaliation fails as a matter of law. *See Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004) (citing *Wascura v. City of South Miami*, 257 F.3d 1238, 1248 (11th Cir. 2001)). Based on these reasons, Plaintiff has not sufficiently alleged temporal proximity between the protected activity and the subsequent adverse action as a matter of law, and accordingly, Count II of the Amended Complaint should be dismissed.

**WHEREFORE**, Defendant, Wholesale Building Products, LLC ("Defendant"), respectfully request this Honorable Court Grant the Defendant's Motion to Dismiss Plaintiff's Complaint, enter an Order dismissing the Complaint, awarding Defendant their reasonable attorneys' fees and costs, and providing any other relief the Court deems just and proper.

DATED: November 11, 2026

Respectfully submitted,

**BOYD RICHARDS PARKER & COLONNELLI, P.L.**
100 S.E. Second Street, Suite 2600
Miami, FL 33131
Tel.: (786) 425-1045
Fax: (786) 425-3905
For Service of Pleadings:

ServiceMia@boydlawgroup.com

By: /s/ *Kyle T. Berglin, Esq.*
**JESSICA DONNER, ESQ.**
Florida Bar No. 122008
jdonner@boydlawgroup.com
arios@boydlawgroup.com
**KYLE T. BERGLIN, ESQ.**
Florida Bar No. 84027
kberglin@boydlawgroup.com
mcouto@boydlawgroup.com
*Counsel for Defendant, Wholesale Building Products, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 11, 2026, I electronically filed the foregoing with the Clerk of Court via the CM/ECF system and, a true and correct copy of the foregoing was also served via e-mail on all parties on the Service List below.

By: /s/ *Kyle T. Berglin, Esq.*
**KYLE T. BERGLIN, ESQ.**

## SERVICE LIST

GALLARDO LAW OFFICE, P.A.
**Maria Lopez, Esq.**
(FL Bar No. 1010761)
**Shedwin Eliassin, Esq.**
(FL Bar No. 1060990)
8492 SW 8th Street
Miami, FL 33144
maria.lopez@gallardolawyers.com
Tel: (305) 261-7000