**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

**ROLANDO F. QUINTANA,**
**Plaintiff,** **CASE NO.: 0:26-cv-61599-DSL**

**vs.**

**WHOLESALE BUILDING PRODUCTS, LLC.**

**Defendant.**
______________________________________/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff, ROLANDO QUINTANA, by and through undersigned counsel, files this Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint and states as follows:

## I. INTRODUCTION

Defendant's Motion to Dismiss the Amended Complaint should be denied because the Amended Complaint plausibly alleges age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA").

The Court dismissed Plaintiff's original Complaint without prejudice because it did not contain sufficient facts concerning Plaintiff's qualifications or connect his termination to discriminatory intent. The Court nevertheless held that Plaintiff's termination constituted an adverse employment action and that his allegations concerning more favorable treatment of younger drivers were sufficient at the pleading stage. [D.E. 24]. Plaintiff timely filed the Amended Complaint to address the deficiencies identified by the Court.

The Amended Complaint does not rely on Plaintiff's age and termination alone. It alleges age-specific remarks by Plaintiff's manager, Ervin Torrez; materially more favorable treatment of substantially younger drivers; a formal complaint to Human Resources and company management; intensified harassment following that complaint; and Plaintiff's termination approximately three months later. Defendant's Motion isolates each allegation and asks the Court to draw competing inferences in Defendant's favor. However, that is not the governing pleading standard.

The retaliation claim likewise rests on more than temporal proximity. Plaintiff alleges that he complained to management about age discrimination, that the treatment by Torrez intensified afterward, and that Defendant then terminated him. Since these allegations permit a reasonable inference of discrimination and retaliation, both counts should proceed.

## II. <u>STANDARD OF REVIEW</u>

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Lewis v. Noem, 2026 U.S. Dist. LEXIS 84351, at *5 (S.D. Fla. April 16, 2026)(quoting Fed. R. Civ. P. 8(a)(2)).* A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009). This plausibility standard requires more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Indeed, the Eleventh Circuit has repeatedly recognized that a plaintiff asserting an employment discrimination claim is not required to plead every element of a prima facie case to survive dismissal but instead must allege facts permitting a reasonable inference that the employer is liable for the alleged discrimination.

To establish a prima facie case of discrimination under the Age Discrimination in Employment Act (ADEA), a plaintiff must allege in [his] complaint that: (1) he was a member of a protected class (i.e., that he was forty years old, or older); (2) he was subjected to an adverse employment action; (3) he was treated less favorably than a younger, similarly situated employee; and (4) he was qualified to do the job." *Lewis v. Noem*, 2026 U.S. Dist. LEXIS 84351, at *6 (internal citations omitted).

## III. ARGUMENT

### A. Plaintiff Has Sufficiently Pleaded Age Discrimination Under the ADEA

To establish a claim for age discrimination, a plaintiff must show that: that: (1) he was a member of a protected class (i.e., that he was forty years old, or older); (2) he was subjected to an adverse employment action; (3) he was treated less favorably than a younger, similarly situated employee; and (4) he was qualified to do the job." *Lewis v. Noem*, 2026 U.S. Dist. LEXIS 84351, at *6 (internal citations omitted). Moreover, "the ordinary meaning of the ADEA's requirement that an employer took adverse action 'because of' age is that age was the 'reason' that the employer decided to act." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009).

To sufficiently plead an ADEA claim, "[a]t the pleading stage, a plaintiff must plausibly allege that (1) his employer took an adverse employment action against [him], and (2) his age was the "but-for"' cause of the employer's adverse action." *See Polakovic v. Univ. of Mia.*, 816 F. Supp. 3d 1304, 1313 (S.D. Fla. Jan. 20, 2026) (internal citations omitted). The requisite causal connection between age and termination may be sufficiently pled by factual allegations indicating that the plaintiff was replaced by a substantially younger individual *or* that the plaintiff was treated differently than a similarly situated, substantially younger individual. *See Muir v. Baptist*

*Pulmonary Specialists, Inc.*, No. 3:21-CV-475-BJD-MCR, 2022 WL 22883187 (M.D. Fla. Feb. 15, 2022).

Plaintiff alleges that he was 58 years old and had worked for Defendant as a CDL truck driver since June 2010. He further alleges that Torrez referred to Plaintiff and another older driver as "Los Viejos," meaning "the old ones," stated that it was time for them to leave the company, and said management would not pay them more than they already earned. These allegations are not generic workplace grievances. They are age-specific statements by the manager whom Plaintiff identified as directing the discriminatory treatment.

The Amended Complaint also places those statements in the context of concrete disparities. Plaintiff alleges that he was regularly assigned approximately nine deliveries per day while substantially younger drivers received approximately three; that younger drivers were guaranteed hours while Plaintiff was sent home on slow days; and that Torrez selectively applied the truck-loading restriction against Plaintiff. Defendant's second Motion acknowledges that the Amended Complaint identifies Andres and Billy as younger employees whom Plaintiff alleges received more favorable treatment.

The Court has already determined that Plaintiff's allegations concerning more favorable treatment of younger drivers "make the grade" at the pleading stage. Defendant's renewed comparator argument therefore does not establish that the Amended Complaint fails as a matter of law.

Defendant also argues that Plaintiff has not established that his age was the but-for cause of his termination or that his supervisor participated in the termination decision. However, Plaintiff is not required to prove these matters at the pleading stage. Discriminatory views held by management personnel who participate in or influence an employment process may constitute

circumstantial evidence even when another person makes the final decision. *City of Hollywood v. Hogan*, 986 So. 2d 634, 643 (Fla. Dist. Ct. App. 2008). Proof of discrimination frequently depends on circumstantial evidence, and the law permits plaintiffs to establish discriminatory intent indirectly. *Brown Distrib. Co. v. Marcell*, 890 So. 2d 1227, 1230 (Fla. Dist. Ct. App. 2005).

Taken together, the pleaded facts permit a reasonable inference that age made a difference in Defendant's decision to terminate Plaintiff. The Amended Complaint therefore alleges more than the unsupported conclusion that Plaintiff was terminated because of his age.

### B. Count II Plausibly Alleges ADEA Retaliation

To state an ADEA retaliation claim, a plaintiff must plausibly allege that (1) he engaged in statutorily protected expression; (2) he suffered a materially adverse employment action; and (3) his employer's retaliatory motive was the "but for" cause of the adverse employment action. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 133 S. Ct. 2517, 186 L. Ed. 2d 503 (2013); *Trask v. Sec'y, Dep't of Veterans Affairs*, 822 F.3d 1179, 1193-94 (11th Cir. 2016).

Defendant does not dispute for purposes of its Motion that Plaintiff alleges protected activity and an adverse action. The Motion recognizes that Plaintiff complained to Human Resources in December 2024 and was terminated approximately three months later. The issue raised by Defendant is whether Plaintiff plausibly alleges causation.

Defendant's argument fails because Count II is not based on elapsed time alone. The Amended Complaint alleges that Plaintiff made a formal complaint to Human Resources and company management regarding discriminatory treatment, that Defendant advised him the matter would be investigated, and that Torrez's harassment intensified after the complaint. Plaintiff then alleges that Defendant terminated him approximately three months after the protected complaint. Florida authority recognizes that a causal relationship may be inferred not only from close

temporal proximity but also from a series of adverse actions following protected activity. *Mitchell v. Young,* 309 So. 3d 280, 285 (Fla. Dist. Ct. App. 2020).

Defendant's argument improperly isolates the temporal proximity allegation while disregarding the remaining factual allegations. Whether Defendant terminated Plaintiff for legitimate reasons or because of his protected complaints presents a factual issue that cannot be resolved against Plaintiff at this stage. At this stage, Plaintiff need not prove that retaliation was Defendant's actual motive. He must plausibly allege that his complaint and termination were not wholly unrelated. The complaint to management, the alleged escalation afterward, and the ensuing termination satisfy that burden.

**WHEREFORE** for the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss in its entirety and grant such other and further relief as the Court deems just and proper.

DATED: November 25, 2026

Respectfully, Submitted

*/s/ Maria Lopez*
Maria Lopez, Esq.
Fla. Bar No.: 1010761
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by CM/ECF to all parties attached to the counsel list this 25th day of November 2026.

Matthew Dylan Wolf
Boyd Richards Parker, Colonnelli
100 SE 2nd Street

Miami, FL 33131
Email: mwolf@boydlawgroup.com

Michael W. Shiver, Jr.
Boyd Richards Parker & Colonnelli
100 SE 2nd Street
Miami, FL 33401
Email: mshiver@boydlawgroup.com

*/s/Maria Lopez*
Maria Lopez, Esq.
Fla. Bar No.: 1010761